NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4680

TODD GLADYSIEWSKI,
Appellant

v.

ALLEGHENY ENERGY

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-07-cv-01339)
District Judge: Honorable David Stewart Cercone

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2010

Before: SCIRICA, RENDELL and FISHER, Circuit Judges.

(Filed: September 20, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Plaintiff Todd Gladysiewski appeals from a District Court order granting

defendant's motion for summary judgment on plaintiff's claims of retaliatory termination.

For the reasons set forth below, we will affirm the ruling of the District Court.

I.

Gladysiewski is a former employee of defendant Allegheny Energy Service Corporation, where he worked as a technician. He was hired in 1987 and attained the "Serviceman A" classification in 1994, which he retained until October 2004, when he was demoted to the "Serviceman B" classification and placed on a performance improvement plan. Gladysiewski's supervisor, David Smith, gave him a letter explaining the reasons for the demotion, which included his failure to accept after-hours service calls, failure to follow Allegheny's policies and procedures, failure to pay attention during work assignments, and unwillingness to participate in projects with co-workers. Gladysiewski filed administrative complaints in January and June 2005 alleging age discrimination. He then filed a lawsuit in federal court on July 21, 2005, and the District Court granted summary judgment to Allegheny on April 11, 2007. On June 26, 2008, we affirmed the District Court's order.

On May 15, 2007, Gladysiewski was informed that his employment was being terminated. He then brought a second lawsuit in federal court in October 2007, asserting claims of retaliation under 29 U.S.C. § 621 and 43 P.S. § 951. Specifically, Gladysiewski claims that he was terminated in retaliation for filing the earlier administrative complaint and the federal lawsuit against the company.

Allegheny filed a motion for summary judgment. Chief Magistrate Judge Amy Reynolds Hay issued a Report recommending that the motion be granted, and the District

Court adopted the Report and entered judgment in favor of Allegheny.

## II.

Gladysiewski argues that the District Court erred in granting summary judgment for Allegheny because he raised issues of material fact regarding whether Allegheny's proffered reasons for his termination were pretextual. We exercise plenary review over the District Court's decision to grant summary judgment, and we apply the same standard as the District Court. We therefore view the underlying facts and evidence in the light most favorable to the non-moving party. McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (internal citations omitted).[1]

We analyze Gladysiewski's retaliation claim under the three-step burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). The plaintiff has the burden of establishing a prima facie case. See id. at 802. Once a prima facie case is established, the burden shifts to the defendant to present a non-retaliatory explanation for the challenged employment decision. See id. The burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the articulated reason is pretext for retaliation. See id. at 804.

To establish a prima facie case of retaliation, Gladysiewski must prove that (1) he engaged in protected conduct; (2) an adverse action was taken; and (3) there is a causal

---

[1] The District Court had jurisdiction pursuant to 29 U.S.C. § 626(c), 28 U.S.C. § 1367(a), and 28 U.S.C. § 1331. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

link between the protected conduct and the adverse action.  Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).  For the purposes of its summary judgment motion, Allegheny assumed that Gladysiewski engaged in protected activity and suffered an adverse employment action.  However, Allegheny disputes that Gladysiewski can establish a causal connection between his filing of his first lawsuit, Gladysiewski I, on July 21, 2005, and the termination of his employment nearly two years later on May 15, 2007.

We have recognized two primary ways to substantiate a causal connection between the protected activity and an adverse employment action:  showing that the temporal proximity between the two is "unusually suggestive," or pointing to an "ongoing antagonism" between the plaintiff and defendant.  Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280-81 (3d Cir. 2000) (internal citations omitted).  In his brief opposing the motion for summary judgment, Gladysiewski contended both that the temporal proximity between his termination and the dismissal of the first suit was "unusually suggestive" and that there was evidence of an "ongoing antagonism" between him and Allegheny.  The District Court considered the issue of causation at length, and was skeptical as to whether Gladysiewski had made an adequate showing, especially given the passage of time before the alleged retaliation, and Gladysiewski's reliance on authority that the District Court believed was not well reasoned.  However, "out of an abundance of caution," the Court assumed that a prima facie case had been established.  App. 25.

4

On appeal, Allegheny argues that we should affirm the District Court's ruling both because Gladysiewski failed to make out a prima facie case and because, even if he had, he failed to show that Allegheny's reasons for terminating him were pretextual. Curiously, Gladysiewski has failed to respond to Allegheny's argument regarding the prima facie case, requiring us to rely exclusively on the District Court record to understand why he presumably believes that he did establish a prima facie case of retaliation. For the reasons explained below, we believe that it is clear from the record that Gladysiewski failed to demonstrate a causal link between his filing of the discrimination complaint and his subsequent termination, and will affirm the District Court's order on that basis. See, e.g., Erie Telecomm., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) ("An appellate court may affirm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision.").

Gladysiewski's first argument regarding causation was that the temporal proximity between the resolution of Gladysiewski I and his termination is "unusually suggestive" since he was informed of his termination just over one month after the suit was resolved. App. 235-36. "In certain narrow circumstances, an 'unusually suggestive' proximity in time between the protected activity and the adverse action may be sufficient, on its own, to establish the requisite causal connection." Marra v. Phila. Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007) (internal citation omitted). We engage in a fact-based analysis to

5

determine whether the temporal proximity between the protected activity and the adverse action establishes a causal connection, taking into consideration "how proximate the events actually were, and the context in which the issue came before us." Farrell, 206 F.3d at 279.

Here, the first administrative complaint that led to Gladysiewski I was filed in January 2005; the resulting litigation was resolved by the District Court on April 11, 2007, but we did not decide Gladysiewski's appeal until over a year later. Gladysiewski was terminated on May 15, 2007. Although there is certainly some "proximity" between the dismissal of his lawsuit and his termination, we typically measure temporal proximity from the date of filing rather than from the date a lawsuit is resolved, *see, e.g.*, Jalil v. Avdel Corp., 873 F.2d 701, 703 (3d Cir. 1989), since the "protected activity" in which a litigant engages is the filing of a complaint, not its dismissal by a court. In this case, over two years passed between Gladysiewski's filing of his administrative complaint and his termination, a period that is too long to constitute temporal proximity.[2]

Even if we were to give greater weight to the time of the District Court's dismissal of Gladysiewski I, the chronology actually undermines Gladysiewski's claims. Gladysiewski's performance improvement plan was implemented in October 2004, before

---

[2] Like the District Court, we are not persuaded by the approach taken in Annett v. University of Kansas, 371 F.3d 1233 (10th Cir. 2004), where the plaintiff was permitted to rely on the date of a jury verdict in an earlier case, rather than on the date she filed the case.

he filed either his administrative complaints or <u>Gladysiewski I</u>. When Gladysiewski was terminated in May 2007, Allegheny explained that it was because of his failure to improve his work performance. Specifically, Gladysiewski had continued not to respond to service calls, meet company standards, or adequately participate in company meetings and training sessions. These reasons are similar to those that were given for Gladysiewski's demotion in 2004, and suggest the same continued pattern of deficient conduct by Gladysiewski. As the Supreme Court has explained, "[e]mployers need not suspend previously planned transfers upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." <u>Clark County Sch. Dist. v. Breeden</u> 532 U.S. 268, 272 (2001). Here, the existence of the performance improvement plan suggests that Allegheny was "proceeding along lines previously contemplated" when it terminated Gladysiewski.

Gladysiewski also argued that his prima facie case is supported by what he suggests are two examples of "ongoing antagonism" between him and Allegheny. First, he stated that he was subjected to heightened scrutiny after he filed the complaints. He claimed that he was criticized for his work and forced to redo projects, while the identical work of a co-worker was not challenged. However, in his deposition, Gladysiewski admitted that this actually occurred in 2004--before he filed his first administrative complaint in January 2005. App. 24. This "scrutiny" thus does not support his causation

argument. Second, Gladysiewski claimed that, during the last year of his employment, he was selected for drug and alcohol testing each time a random drug screening was conducted. Allegheny responded that the random drug tests were conducted by an independent third-party vendor. In any event, to whatever extent the drug testing might show antagonism between Allegheny and Gladysiewski, it is not sufficient to demonstrate that Gladysiewski was terminated because of the complaints that he had filed.

Because we conclude that Gladysiewski has failed to establish a causal connection between his termination and his filing of an administrative complaint and federal lawsuit against Allegheny, we need not discuss the District Court's ruling as to pretext. We will therefore affirm the order of the District Court.